## ZEBA BLISS *vs.* JONATHAN BLISS.

When the plaintiff, in an action of assumpsit, amends his writ and declaration, whether at the first term or afterwards, by striking out the names of part of the defendants, according to the provisions of Rev. Sts. *c.* 100, the remaining defendant or defendants may plead the nonjoinder of the other or others in abatement, and can take advantage of such nonjoinder in no other way.

ASSUMPSIT for work, labor and services.   The original writ, dated September 4th 1844, was issued against one Scott, Jonathan Bliss, and the Gainsville Steam Mill Company, and was made returnable at the following October term of the court of common pleas in this county.   Jonathan Bliss was held tc bail, and no service was made upon the other defendants

At the October term 1845, the plaintiff obtained leave to amend by striking out of the writ and declaration the names of Scott and the Gainsville Steam Mill Company, and amended accordingly. At the January term 1846, Jonathan Bliss pleaded the general issue, (which was joined,) and also filed his specification of defence, in which, among other things, he stated that he would "introduce evidence to prove that the supp)sed services, in the plaintiff's bill of particulars mentioned, were done for the Gainsville Steam Mill Company, which company consisted of David M. Russell, William M. Lewis and Jonathan Bliss." A trial was had, at that term, before *Washburn*, J. and the plaintiff offered evidence tending to prove that, in 1837, he performed the services, which were set forth in his bill of particulars, for the Gainsville Steam Mill Company, and that said company consisted of the defendant Bliss, David M. Russell, William M. Lewis and another, who carried on business at Gainsville in Alabama. Whereupon the counsel of the defendant Bliss requested the judge to instruct the jury, that the plaintiff was not entitled to recover, because the proof showed a joint undertaking by the said Bliss and others, which was insufficient to sustain the several undertaking of Bliss, as set forth in the amended declaration; which instruction the judge refused to give; but he instructed the jury, that the proof offered, if believed, was sufficient to sustain the plaintiff's action against Bliss. To this refusal and this instruction the defendant alleged exceptions.

*Goodrich*, for the defendant.

*Brigham*, for the plaintiff.

SHAW, C. J. The rule is well settled, that in the action of assumpsit, nonjoinder of defendants can be taken advantage of by plea in abatement, and in that way only. 1 Saund. 291, *c. note.* Lawes Pl. in Assump. 108. This rule is not altered by the Rev. Sts. *c.* 100, which authorize an amendment by striking out defendants. Whenever, by such amendment, the suit is subject to abatement, the defendant has a right to plead in abatement, though after the first term. *Rathbone* v. *Rathbone*, 4 Pick. 89. *Robbins* v. *Hill*, 12 Pick. 569. The present

defendant, if he wished to avail himself of the nonjoinder of his co-contractors, after their names were stricken out of the writ and declaration, should have pleaded in abatement.

*Exceptions overruled.*